UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD FORD,

    Petitioner,

v.                                          Case No. 8:06-cv-1331-T-17MAP

SECRETARY, DEPARTMENT OF CORRECTIONS,

    Respondent
_____/

## **ORDER**

This case is on remand from the United States Court of Appeals for the Eleventh Circuit. (Doc. No. 42).

Background

Pro se Petitioner Edward Ford petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Ford challenged his convictions for armed burglary, attempted first degree murder, aggravated battery, possession of a firearm by a convicted felon, and aggravated stalking arising from the Tenth Judicial Circuit, Polk County, Florida in Case No. CV97-12694A-XX. In addition, in Ground Five, Ford challenged a disciplinary action that resulted in the loss of gain time credit. Ford alleged that his due process rights were violated in regard to the disciplinary action. Ford should have challenged the disciplinary action in a separate habeas corpus petition, as the claim does not challenge the conviction and sentence entered by the Circuit Court for the Tenth Judicial Circuit in his criminal case. However, this Court did not require that Ford file a second habeas corpus petition and found that the claim was procedurally defaulted. The Eleventh Circuit vacated and remanded for this Court to further address the

disciplinary action challenge. Specifically, the case was remanded for this Court to determine what state procedural rule was relied upon and whether that rule constituted an independent and adequate state ground [to find the claim procedurally defaulted].

GROUND FIVE

On September 30, 2004, prison staff issued Ford a disciplinary report for committing infraction 9-18, Unauthorized Physical Contact. (Exhibit 36 at p. 3). In Ground Five of the present petition, Ford contends his due process rights were violated when prison officials refused his request to review a video during the prison disciplinary hearing.

Ford raised this issue in a petition for writ of mandamus filed in the Second Judicial Circuit of Florida, the jurisdiction where he was confined. The State filed a response, arguing as to this issue that Ford failed to preserve his claim of violation of his due process rights when the institution did not view the videotape of the incident that resulted in the disciplinary report. (Exh 36 at pp. 13-14). The State based its argument on the fact that there was nothing in the disciplinary investigative report, Ford's witness statement, witness disposition form, or the disciplinary hearing worksheet to indicate that Ford requested that the video tape be reviewed prior to or during his disciplinary hearing. In fact, the State observed, "the Plaintiff's claims that he requested the video is further negated by the fact that in his institutional grievance dated October 7, 2004, he did not state that he had requested for the institution to review the video." (Exh 36 at p. 13). The State's response did not contain an argument on the merits of that claim. On August 19, 2005, the Circuit Court of the Second Judicial Circuit issued an order denying the petition for writ of mandamus. (Exhibit 37).

Ford sought certiorari review in the First District Court of Appeal of Florida in Case No. 1D05- 4296. On April 26, 2006, the appellate court denied the petition per curiam. *Ford v. McDonough*, 928 So. 2d 339 (Fla. 1st DCA 2006)[table]. (Exhibit 38).

Analysis

Ford's rule infraction occurred on September 30, 2004, and the appeal process ended December 13, 2004. It appears that there was not a rule in Florida's administrative code in effect during this time frame. However, the rules relating to the process itself necessarily require evidence to be presented prior to the fact finder (disciplinary team/hearing officer) deciding whether the inmate violated the rule of conduct for which he was accused of violating. See Fla. Admin. Code R. 33-601.307 (Disciplinary Hearings); Fla. Admin. Code R. 33-601.308 (Disciplinary Team, Hearing Officer Findings and Action); and Fla. Admin. Code R. 33-601.309 (Inmate Discipline – Review and Final Action).[1]

Not only is it too late to request consideration of additional evidence (videotape) after the guilt determination has been made, but it also is improper to make the request to the warden in his reviewing capacity, as happened in Ford's case. Were the warden to consider other evidence going to guilt or innocence, he would become the factfinder instead of the reviewer of the factfinder's decision. Pursuant to Rule 33-601.309, the reviewer (Warden or Regional Director) has the authority to modify the punishment for the rule violation. In Florida, at the institutional level, the warden is the final reviewing authority for all disciplinary reports where the loss of gain time does not exceed 365

---

[1] Respondent provided copies of these administrative rules as Respondent's Exhibits A, B, and C, respectively.

days. Fla. Admin. Code Rule 33-601.308. Florida precedent requires only some evidence supporting a disciplinary adjudication to appear in the record for a judicial affirmance to be in order. Roberts v. Wilson, 007 U.S. App. LEXIS 29160 **6 (11th Cir. 2007) (unpublished) (citing *Smiley v. State*, 948 So.2d 964, 965 (Fla. Dist. Ct. App. 2007)). Thus, Ford's request was untimely and made to the wrong person.

In *Judd v. Haley*, 250 F.3d 1308 (11th Cir. 2001), the Eleventh Circuit set out a three-part test for determining whether a state court's procedural ruling constitutes an independent and adequate rule, stating that first, the last state court rendering judgment must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim; second, the state court's decision must rest entirely on state law grounds and not be intertwined with an interpretation of federal law; third, the state procedural rule must be adequate. *Id.* at 1313. The court explained that the adequacy requirement means that the rule must be firmly established and regularly followed; i.e., not applied in an arbitrary or unprecedented fashion. *Id.* Although apparently no single rule in the Florida Administrative Code expressly imposes a procedural bar in the particular situation in Ford's case, when those rules are considered together, it cannot be said that the procedural bar was applied arbitrarily or capriciously or that the rules were applied in an inconsistent or unprecedented fashion. Thus, the procedural bar should be upheld.

Alternatively, Ford cannot show the failure to view the video upon Ford's late request constituted a violation of his due process rights. The Supreme Court has held that when a prison disciplinary proceeding may result in the loss of good time credits, a prisoner is entitled to the following three minimal procedural protections: (1) advance,

written notice of the charges against him and at least 24 hours to prepare a defense; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his own behalf; and (3) a written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action. *See Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974). In *Wolff*, the Supreme Court provided that the inmate must receive notice of disciplinary charges at least 24 hours prior to the hearing. *Id.* at 564. The Court also recognized the need for flexibility in allowing an inmate the opportunity "to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Id.* at 566. Moreover, "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board. . . ." *Superintendent, Mass. Corr'l Inst. v. Hill*, 472 U.S. 445, 455 (1985). "The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact." *Id.* at 456.

Ford's due process claim, which was denied by the state court on the merits, must be reviewed under the deferential standard set out in 28 U.S.C. § 2254(d). State prisoners in custody pursuant to the judgment of a state court may file a habeas corpus petition, as authorized by § 28 U.S.C. §2241, but they are limited by 28 U.S.C. § 2254. When a state prisoner's petition falls within the ambit of § 2254, the prisoner is subject to that section's restrictions. *Medberry v. Crosby*, 351 F.3d 1049 (11th Cir. Fla. 2003). Because Ford's petition was filed after the Antiterrorism and Effective Death Penalty Act (AEDPA) became effective on April 24, 1996, his claims are to be reviewed under

the new deferential standard. Under 28 U.S.C. § 2254(d), a federal court may not grant habeas relief on claims that were previously adjudicated in state court unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable interpretation of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The state circuit court cited *Wolff* and *Hill* in its order denying Ford's petition for writ of mandamus, and found no violation of due process regarding the disciplinary proceeding related to the September 30, 2004 violation. The court stated:

> The record in this case reflects that the Plaintiff was afforded advance notice of the infraction with which he was charged, (Defendant's Exhibit P), that he was afforded the opportunity to list witnesses, (Defendant's Exhibit S), that he was afforded his disciplinary hearing and was found guilty of the charged infraction, (Defendant's Exhibit T) and provided a written statement by the disciplinary team of the evidence relied on and the reasons for the disciplinary actions. (Defendant's Exhibit T).

*See Respondent's Exhibit 37: Order Denying Petition for Writ of Mandamus* at pages 2-3. In addition, the court found there was sufficient evidence presented to find Ford guilty of the infraction, where the evidence showed that the "charging officer stated she could feel the Plaintiff scratch the inside of the palm of her hand," and Ford did not deny that the incident occurred. *Id.* Under the circumstances of this case, even if the request to view the videotape was not procedurally barred, and Ford was entitled to have the members of the disciplinary team view the tape, Ford suffered no prejudice because there was there was sufficient direct evidence of his guilt of Unauthorized

Physical Contact. *See, e.g., Tedesco v. Sec'y for the Dep't of Corr.*, 2006 U.S. App. LEXIS 16131 **16, (11th Cir. June 26, 2006) (unpublished), where the Eleventh Circuit opined:

> Lastly, to the extent Tedesco argues that prison officials were required to provide him with a copy of the test results prior to his hearing, nothing in *Wolff* or its progeny constitutionally required providing Tedesco with the results. As the Supreme Court made clear in *Wolff*, an inmate's right to present witnesses and documentary evidence is not guaranteed in every circumstance, and at a minimum, Tedesco was provided with notice of the charges and had the opportunity to question the Officer who interviewed him and the Officer who conducted the VSA [Voice Stress Analysis polygraph test], both of whom were listed on Tedesco's witness list. *Wolff*, 418 U.S. at 563-67, 94 S. Ct. at 2978-80.

The state court's denial of Ford's mandamus petition and determination that Ford's due process rights were not violated was not an unreasonable application of federal law under § 2254(d).

The arguments in Ford's reply as to Ground Five (Doc. No. 49) are not persuasive, and ground five of the instant federal petition must be denied.

Accordingly, the Court orders:

That, on remand, ground five is denied. The Court adopts and incorporates its previous order denying Ford's petition challenging his conviction and sentence entered by the Tenth Judicial Circuit for Polk County, Florida. (Doc. No. 33). That order addresses grounds one through four of Ford's habeas corpus petition.

Ford's entire petition is denied, with prejudice. The Clerk is directed to enter judgment against Ford and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of

appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on May 26, 2009.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

USCA
Counsel of Record
Edward Ford